"significant threat" required by *Garner* as a condition for the use of deadly force, there remains the question whether such force was necessary to prevent the escape. Necessity is the second prerequisite for the use of deadly force under *Garner*. The necessity inquiry is a factual one: Did a reasonable non-deadly alternative exist for apprehending the suspect?

A dismissal for failure to state a claim "cannot be upheld unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Sanders*, 794 F.2d at 481. Here, it cannot be said with certainty that no non-deadly alternative existed. This is a question of fact, and thus granting the motion for failure to state a claim was error.

We REVERSE and REMAND to the district court for further proceedings.

Before WALLACE, TANG and NELSON, Circuit Judges.

### ORDER

On June 19, 1989, —— U.S. ——, 109 S.Ct. 3181, 105 L.Ed.2d 690 the United States Supreme Court vacated the judgment of this court and remanded this case for further consideration in light of *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In *Gomez*, the court held that it is reversible error for federal magistrates to conduct jury selection in felony trials without defendant's consent. This court recently held that the per se rule of reversal announced in *Gomez*, applies to all cases pending on direct review and not final when *Gomez* was decided. *United States v. France*, 886 F.2d 223 (9th Cir.1989). This case is indistinguishable from *France*. Therefore, the judgment in this case is reversed.

REVERSED.

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pavit NITTAYANUPAP, and Arkrin Taecharatanaprasert, Defendants–Appellants.**

**Nos. 87–1395, 88–1001.**

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1989.

**Thomas W. HILL, Plaintiff–Appellee,**

v.

**DEPARTMENT OF the AIR FORCE; Paul J. Vallerie, Defendants,**

and

**Paul S. Britt, Defendant–Appellant.**

**No. 88–2775.**

United States Court of Appeals, Tenth Circuit.

July 7, 1989.

Rehearing Denied Oct. 6, 1989.

---

1983), held that deadly force is only appropriate "when the suspect poses a threat to the safety of the officers or a danger to the community *if left at large*." (Emphasis added.) In this case, it might be argued that the substantial threat requirement was not met because any danger proceeded from the fact that the police gave chase. This is not to say that the police should never chase suspected car thieves, only that the danger created by the chase would not give them license to use deadly force when it is necessary to prevent escape. We need not address this question and express no opinion on it. It is one which the district court may have to face and of which it should be aware.